FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 10, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY G.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | No. 2:18-cv-00050-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 14, and Defendant's Cross-Motion for Summary Judgment, ECF No. 16. The motions were heard without oral argument. Plaintiff is represented by Christopher H. Dellert, and Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Justin Martin.

    For the reasons set forth below, the Court **denies** Plaintiff's motion, **grants** Defendant's motion, and **affirms** the administrative law judge ("ALJ) decision denying disability benefits.

## Jurisdiction

    On May 27, 2014, Plaintiff filed a Title II application for disability insurance benefits. Plaintiff alleges an onset date of June 26, 2013.

    Plaintiff's application was denied initially and on reconsideration. On June 2, 2016, Plaintiff appeared and testified at a hearing held in Seattle, Washington before an ALJ. Leta R. Berkshire also participated as a vocational expert. Plaintiff was represented by John Paul Gustad and Maren Miller Bam, attorneys.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

The ALJ issued a decision on August 24, 2016, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on December 15, 2017. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on February 20, 2018. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1509. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here. At the time of the hearing, Plaintiff was 51 years old. He has a long work history. He worked as a case manager for the Washington State Court of Appeals from 1996 to 2013, after which he unsuccessfully attempted to work at two less stressful jobs at a doggie day care and a drug rehab facility. Plaintiff has a long and extensive history of substance abuse, including alcohol, cocaine, prescription drugs, and marijuana, beginning from age 20.

Plaintiff testified he is unable to work because of extreme anxiety. He

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

indicated that it is very difficult for him to leave his house. In fact, he rarely leaves the house during the day, doing his grocery shopping in the early morning hours. He reported instances at his prior jobs where he would be criticized, he would feel threatened, and then he would have angry outbursts.

When questioned, he indicated he believed he could work if he had a job where he had a supervisor, but was primarily alone and did not have to work in a team setting.

Plaintiff entered treatment for alcohol abuse in July, 2013. Prior to that he quit using cocaine on his own. Although he had a couple of relapses, for the most part he has remained clean and sober. He also reported losing a significant amount of weigh, which alleviated problems he was having with sleep apnea and diabetes.

## The ALJ's Findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 26, 2013. AR 23.

At step two, the ALJ found Plaintiff has the following severe impairments: bipolar disorder, anxiety disorder (Posttraumatic stress disorder), and alcohol dependence, in remission. AR 23.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. Specifically, the ALJ reviewed listings 12.04, 12.06 and 12.09. AR. 24.

The ALJ concluded that Plaintiff has the residual functional capacity to perform
> A full range of work at all exertional levels but with the following nonexertional limitations: he can understand, remember, carry out simple as well as routine and repetitive tasks. He should not work with the general public. He can have occasional brief superficial contact with coworkers, but should work independently, not on team or tandam tasks. He can have occasional contact with supervisors. He needs a routine and predictable work environment with few changes in those routines.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

AR. 25. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. AR 31.

At step five, the ALJ found Plaintiff was not disabled on the basis that he could perform other work which exists in significant numbers in the national economy, including positions such as janitor, agricultural sorter, industrial cleaner, and electrical accessories assembler. AR 32.

**Issues for Review**

1. Whether the ALJ provided sufficient reasons to reject the medical opinions of Dr. Oreskovich and Dr. Moore, and to reject Mr. Mosshart's therapist's opinion; and

2. Whether the ALJ properly assessed Plaintiff's subjective claims.

**Discussion**

*1. Whether the ALJ properly evaluated the medical opinion evidence*

Plaintiff asserts the ALJ erred in its evaluation of the medical opinions of Dr. Oreskovich and Dr. Moore, as well as Mr. Mosshart's opinion.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Id* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

"If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

substantial evidence in the case record, it will be given controlling weight." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). If a treating physician's opinion is not given "controlling weight," the ALJ should consider the length of the treatment relationship and the frequency of examination by the treating physician; the nature and extent of the treatment relationship between the patient and the treating physician; supportability; consistency with the record, and specialization of the physician. 20 C.F.R. § 404.1527(c)(2)-(6); *Orn*, 495 F.3d at 631.

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ need not accept the opinion of any physician, including treating physicians, if that opinion is brief, conclusory and inadequately supported by clinical findings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). "If a treating or examining physician's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216. This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight ... even if it does not meet the test for controlling weight." *Orn,* 495 F.3d at 633. An ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999). It may reject a treating physician's opinion if it is inconsistent with the medical records. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

"[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v.*

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

*Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

   1.   *Dr. Oreskovich*

Dr. Oreskovich is a treating physician who opined that Plaintiff was extremely limited in his ability to understand, remember, and carry out detailed instructions, markedly limited in his ability to interact appropriately with the public and with supervisors, and extremely limited in his ability to respond appropriately to work pressures in the usual work setting.

The ALJ assigned little weight to Dr Oreskovich's opinion. Because Dr. Oreskovich's opinion was contradicted by Dr. Brown and Dr. Regets, the two State agency reviewing physicians, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Oreskovich's opinion. *See Bayliss*, 427 F.3d at 1216. The ALJ indicated that Dr Oreskovich's opinion was inconsistent with his treatment notes, where treatment notes showed stable mood, organized logical, though process as well as intact memory and concentration and inconsistent with the longitudinal record evidence.

In doing so, the ALJ provided specific, legitimate reasons that are supported by substantial evidence for rejecting Dr. Oreskovich's opinion. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (upholding ALJ's rejection of treating physician's contradicted opinion because it conflicted with his own treatment notes). The ALJ's interpretation that the treatment notes did not support the marked and extreme limitations was reasonable. While Dr. Oreskovich also provided negative examination findings, this Court is not permitted to second-guess the ALJ's conclusions when the record is susceptible to more than one rational interpretation. *See Batson*, 359 F3d at 1193.

   2.   *Dr. Moore*

Dr. Moore performed a psychological evaluation in September, 2014. Because Dr. Moore's opinion was contradicted by Dr. Brown and Dr. Regets, the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

two State agency reviewing physicians, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Moore's opinion. *See Bayliss*, 427 F.3d at 1216. The ALJ gave weight to some of the functional limitations Dr. Moore assessed by including the restrictions in the RFC, but discounted some of Dr. Moore's opinion. Specifically, the ALJ rejected his opinion that Plaintiff's emotional distress was "likely to interfere with his ability to concentrate and persist at tasks over a normal period of time," for three reasons: (1) this opinion was inconsistent with the treatment notes from Plaintiff's therapist, Mr. Mosshart; (2) this opinion was contradicted by the longitudinal record of improvement with treatment and control of Plaintiff's symptoms with medication; and (3) Plaintiff's work at the recovery center, which he testified he left due to physical problems, not due to emotional limitations. Finally, the ALJ noted that Dr. Moore's opinion was during a time where Plaintiff received bad news regarding his dog, which was a situational stress, rather than being indicative of not sustaining employment.

The ALJ provided specific, legitimate reasons that are supported by substantial evidence for discounting Dr. Moore's opinion.

### 3. Mr. Mosshart

The ALJ gave little weight to Mr. Mosshart's opinion, concluding it was inconsistent with his treatment notes, which indicate that Plaintiff showed stable mood and decreased anxiety. Mr. Mosshart frequently noted that Plaintiff was stable, less anxious, and making progress. The ALJ properly evaluated Mr. Mosshart's opinion. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (quotation omitted) (noting the ALJ may discount testimony from these "other sources" if the ALJ "'gives reasons germane to each witness for doing so.'"). While Mr. Mosshart may have noted other negative findings, this Court is not permitted to second-guess the ALJ's conclusions when the record is susceptible to more than one rational interpretation. *See Batson*, 359 F3d at 1193.

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

2. *Whether the ALJ properly assessed Plaintiff's subjective symptom claims.*

Plaintiff argues the ALJ failed to provide specific, clear and convincing reasons for rejecting his symptom testimony. The ALJ concluded that while Plaintiff had some limitations due to anxiety and issues with mood, these limitations do not preclude all work activity.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2.[1] "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quotations marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear, and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

---

[1] At the time of the ALJ's decision in August, 2016, the regulation that governed the evaluation of symptom claim was SSR 16-3p, which superseded SSR96-7p effective March 24, 2016. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 15776 15776 (Mar. 24, 2016).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

explain why it discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases. *Garrison*, 759 F3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluation the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3).

Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict his other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn*, 495 F.3d at 639 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989))

The ALJ discounted Plaintiff's symptom testimony, finding that Plaintiff's subjective complaints were inconsistent with his improvement with treatment, daily activities and the treatment records. The ALJ noted that while Plaintiff indicated he has no friends, he also reported he made friends in treatment and did not want to leave them behind. He also indicated he used the computer for social networking and he went to the Grand Canyon for a three-week rafting trip. Plaintiff was able to research employment opportunities on the computer. The ALJ noted

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~** 11

that when Plaintiff maintains his sobriety, his symptoms improve. Plaintiff also appeared in a play, which indicates his anxiety was not as disabling as he alleged. The ALJ concluded the record demonstrates that Plaintiff remains quite functional despite allegations of depression and anxiety. These are specific, clear and convincing reasons to believe that Plaintiff's symptoms are not as limiting as Plaintiff describes.

The ALJ's conclusions regarding Plaintiff's symptom testimony is supported by substantial evidence in the record.

## Conclusion

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is free of harmful legal error.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

3. The decision of the Commissioner denying benefits is **affirmed**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 10th day of December 2018.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~** 12